THORNAL, Justice.
The Florida Bar has petitioned for the suspension of respondent Levenson under Rule 11.08(3), of The Integration Rule, 32 F.S.A.
On March 22, 1968, Franklyn Levenson, a member of The Florida Bar, was convicted on four counts of willful violations of certain sections of the national banking laws. Title 18, U.S.C. § 2, § 371, and § 656. He was placed on probation for a period of five years, pursuant to a suspension of imposition of sentence by the U. S. District Judge who heard the case.
Moving under Rule 11.08(3), supra, The Florida Bar asks that Levenson be suspended from the practice of law because of the conviction of the federal felonies. The petition was filed on March 29, 1968, just one week following the conviction.
Respondent admits the material allegations. He reminds us, however, that the long-experienced federal judge who heard the criminal case did not sentence him to jail, but, rather, placed him on probation. He contemplates an appeal from the judgment. We are further informed that the conditions of probation have been suspended until the appeal has been determined. No appeal bond has been required. The respondent feels that he should be permitted to serve his clients pending the appeal. He claims that his situation is analogous to The Florida Bar v. Cohen, 191 So.2d 49 (Fla. 1966), and asks similar treatment.
*174 It should be noted that the instant case is not controlled by The Florida Bar v. Fussell, 179 So.2d 852 (Fla.1965). There the Bar was proceeding under Rule 11.08 (4) of The Integration Rule. The judgment of conviction had become final and the Bar was using it as a basis for ultimate disciplinary action. Here the Bar has moved promptly under Rule 11.08(3), supra, for direct court-administered discipline, interlocutory in nature, pending the eventual determination of the appeal of the criminal conviction. In this instance, we ourselves have received the lawyer’s written response to the petition. For purposes of this proceeding we accept the statements of the response. There are no factual issues.
We likewise distinguish this case from The Florida Bar v. Cohen, supra. In Cohen the lawyer was convicted in federal court on March 19, 1965. The Bar did not move to suspend him until February 3, 1966. When the matter came on for hearing Cohen’s appeal had been set for hearing by the U. S. Court of Appeals. We deferred action pending disposition by that Court. When the conviction was affirmed, the matter was again promptly set for hearing by us. The convicted lawyer then voluntarily withdrew from the practice until his case was reviewed by the Supreme Court of the United States. Affirmance there brought prompt suspension by us.
Here the matter has been promptly brought to our attention. The lawyer has been convicted on four counts of serious felonies. There is no offer to refrain from practicing law pending appellate review.
These felony conviction situations are among the most serious disciplinary problems which challenge the Bar. By the very nature of his professional commitment the lawyer is least expected to be a violator of the criminal laws. When he is found guilty of doing so, the judgment of guilt is a cloud of dishonor that enshrouds the profession. The public has a right to expect the most from him who lays the greatest claim to its confidence.
We do not overlook the possibility of a reversal of a conviction. While circumstances will vary situations, generally a conviction of a felony should justify suspension until the blot is removed. Conviction of a federal felony automatically suspends a lawyer from practicing in the federal courts. In the ordinary case we are not inclined to impose a lesser standard of professional responsibility in our state system.
The respondent Franklyn Levenson is suspended from the practice of law until the aforesaid conviction is reversed by a competent court, or, if affirmed, then until he shall be reinstated by order of this Court in an appropriate proceeding under The Integration Rule.
It is so ordered.
CALDWELL, C. J., and DREW, ERVIN and ADAMS, JJ., concur.