425 So.2d 2 (1983)
THE FLORIDA BAR, Complainant,
v.
Randolph Stewart WILSON, Respondent.
No. 61995.
Supreme Court of Florida.
January 6, 1983.
John F. Harkness, Jr., Executive Director, Stanley A. Spring, Staff Counsel and Mary Ellen Bateman, Bar Counsel, Tallahassee, for complainant.
James L. Harrison, Jacksonville, for respondent.
EHRLICH, Justice.
This attorney discipline proceeding is before the Court on complaint of The Florida Bar, report of the referee, and petition for review by the Bar. We have jurisdiction pursuant to article V, section 15, Florida Constitution.
The Bar's complaint alleged that respondent had engaged in illegal conduct involving moral turpitude in that he pressured a client who was incarcerated in the Clay County Jail to make arrangements to have delivered to him one and one-half pounds of cocaine. Subsequently, the cocaine was delivered *3 to respondent who was thereupon arrested by undercover agents. Respondent was convicted by jury trial at Green Cove Springs, Clay County of the offenses of Solicitation to Traffic in Cocaine and Attempted Trafficking in Cocaine and sentenced to serve five years in the Clay County Jail with the special condition that petitioner could be placed on probation for four years and six months after serving six months in the Clay County Jail.
In the proceedings before the referee, the Bar admitted into evidence the judgments and sentences of the two convictions. Respondent testified as to his innocence of the two charges. The referee found that the certified judgments and sentences were proper proof of guilt of the two offenses of which respondent was convicted and therefore respondent was guilty of violating Florida Bar Code of Professional Responsibility Disciplinary Rule 1-102(A)(3) in that he engaged in illegal conduct involving moral turpitude. The referee recommended that respondent be suspended from the practice of law for a period of three years, and thereafter until he shall demonstrate that he is entitled to be reinstated by making the showing required by article XI, Rule 11.11 of the Integration Rule of The Florida Bar. The Florida Bar petitioned for review, seeking review of only that portion of the referee's report recommending discipline. The Bar requested that this Court disbar respondent.
Respondent argues that the referee's recommendation is proper in light of the criteria enunciated by this Court in State ex rel. The Florida Bar v. Murrell, 74 So.2d 221 (Fla. 1954). There, we reasoned that any discipline imposed on an attorney must be: (1) fair to the attorney; (2) just to the public; (3) designed to correct any anti-social tendencies on the part of the convicted attorney; (4) and severe enough to deter similar conduct by other attorneys. 74 So.2d at 222. The three-year suspension recommended as discipline by the referee does not meet these criteria.
First, disbarment of an attorney after he has been adjudged guilty of two felonies cannot be interpreted as unfair to him. "By the very nature of his professional commitment the lawyer is least expected to be a violator of the criminal laws." The Florida Bar v. Levenson, 211 So.2d 173, 174 (Fla. 1968). If substantial and convincing evidence of mitigating circumstances had been presented, the complexion of the case may very well have been different. But no evidence in mitigation has been proffered by respondent. His claims of innocence and lack of knowledge are belied by the jury verdict and the specific finding by the trial judge in an order denying a motion to vacate sentence that respondent had the requisite knowledge that the package contained cocaine. The only mitigating circumstance that could be relevant is the fact that respondent had no prior disciplinary record. However, since respondent had only been a member of the Bar for approximately six months prior to his arrest, this evidence is of little value.
Second, mere suspension would not be just to the public. In the case of a conviction of two felonies, the ultimate penalty, disbarment, should be imposed to insure that an attorney convicted of engaging in illegal conduct involving moral turpitude, who has violated his oath and flagrantly breached the confidence reposed in him as an officer of the court, can no longer enjoy the privilege of being a member of the bar. A suspension, with continued membership in the bar, albeit without the privilege of practicing, is susceptible of being viewed by the public as a slap on the wrist when the gravity of the offense calls out for a more severe discipline.
Third, suspension and disbarment may very well have a similar effect toward the correction of a convicted attorney's anti-social behavior, but disbarment insures that respondent could only be admitted again upon full compliance with the rules and regulations governing admission to the Bar. Fla. Bar Integr. Rule, art. XI, Rule 11.10(5). In the case of a felony conviction, this additional requirement is significant, as it would better encourage reformation and rehabilitation.
*4 Finally, if the discipline does not measure up to the gravity of the offense, the whole disciplinary process becomes a sham to the attorneys who are regulated by it. Disbarment as a result of the conviction of felonies is a message loud and clear to the members of The Florida Bar that this Court will not countenance or permit the conduct for which respondent was convicted. In our view, a suspension does not have the deterrent effect of disbarment.
Respondent was engaged in illegal drug trafficking, a troublesome and serious crime. We have not hesitated in the past to disbar an attorney for similar acts even though a referee recommended less severe discipline. See The Florida Bar v. Beasley, 351 So.2d 959 (Fla. 1977). Illegal behavior involving moral turpitude "demonstrate[s] an intentional and flagrant disregard for the very laws Respondent is bound to uphold, the well-being of the members of society, and the ethical standards applicable to members of the Bar of this State." In re Gorman, 269 Ind. 236, 240, 379 N.E.2d 970, 972 (1978). See also In re Roberson, 429 A.2d 530 (D.C.Ct.App. 1981); In re Thomas, 420 N.E.2d 1237 (Ind. 1981); State ex rel. Oklahoma Bar Association v. Denton, 598 P.2d 663 (Okla. 1979); Muniz v. State, 575 S.W.2d 408 (Tex.Civ.App. 1978). "Of all classes and professions, the lawyer is most sacredly bound to uphold the laws. He is their sworn servant; and for him, of all men in the world, to repudiate and override the laws ... argues recreancy to his position and office." Ex Parte Wall, 107 U.S. 265, 274, 2 S.Ct. 569, 576, 27 L.Ed. 552 (1883). "The public has a right to expect the most from him who lays the greatest claim to its confidence." Levenson, 211 So.2d at 174.
Therefore, Randolph Stewart Wilson is hereby disbarred, effective immediately. Costs of these proceedings in the amount of $616.57 are taxed against respondent.
It is so ordered.
ALDERMAN, C.J., and BOYD and OVERTON, JJ., concur.
ADKINS, Justice, concurs in part and dissents in part:
I would adopt the recommendations of the Referee.