PER CURIAM.
This disciplinary proceeding by The Florida Bar against Thomas A. Larkin, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule 11.09(1) has been filed.
The uncontested referee’s report contains the following recommendations:
Respondent is 61 years old. He is a former Circuit Judge.
In 1979 Respondent received a public reprimand and one year probation for failing to file suit on behalf of his clients prior to the expiration of the applicable statutory time limitation for filing their claim.
In 1982 Respondent was suspended for 91 days for three counts of misconduct by the Florida Supreme Court in The Florida Bar v. Larkin, 420 So.2d 1080 (Fla.1982). Both of the prior disciplinary cases involved conduct similar to the conduct of which Respondent is guilty of in this case.
Respondent applied for reinstatement in February, 1983, and his petition is scheduled for hearing August 26th.
Respondent attributes his violations to alcohol abuse and claims he has conquered his drinking problem. He has not had a drink in over a year. He says he delayed filing his petition for reinstatement until he could be certain he had conquered the drinking. Because of the duration of his actual suspension (one year as of August 26th) Respondent requests any recommended disciplinary measures to be imposed retroactively and run concurrent with the prior suspension.
Protection of the public, punishment, rehabilitation of an attorney who commits ethical violations are three important purposes of disciplinary measures. Equally important purposes, however, are a deterrence to other members of the Bar and the creation and protection of a favorable image of the profession. The latter will not occur unless the profession imposes visible and effective disciplinary measures when serious violations occur. The mishandling of trust funds and neglect of a client’s case are among the most serious violations which an attorney can commit. Alcoholism explains the violations, it does not justify them.
Respondent’s delay in applying for reinstatement was his own decision. Apparently he did not believe he was ready for reinstatement until February of 1983. Further delay in pursuing his petition was obviously influenced by this case and the civil case which was filed by Dees against Respondent and not settled until March.
The Referee recommends that Respondent be suspended from the practice of law for a period of ninety-one days from the date of the order of suspension and thereafter until he shall prove his rehabilitation.
We approve the referee’s recommendations and suspend respondent for ninety-one days effective today and thereafter until he proves rehabilitation.
Costs in the amount of $771.54 are hereby taxed against the respondent.
It is so ordered.
ADKINS, Acting C.J., and BOYD, OV-ERTON, MCDONALD and EHRLICH, JJ., concur.