464 So.2d 549 (1985)
THE FLORIDA BAR, Complainant,
v.
Joseph L. CARBONARO, Respondent.
No. 64228.
Supreme Court of Florida.
February 21, 1985.
*550 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Richard B. Liss, Bar Counsel, Fort Lauderdale, for complainant.
Nicholas R. Friedman of Bassett, Friedman & Miller, Miami, for respondent.
ADKINS, Justice.
This attorney discipline proceeding is before us on the complaint of The Florida Bar and the report of the referee. The Florida Bar has petitioned for review pursuant to article XI, Rule 11.09(1) of the Integration Rule of The Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const.
On August 13, 1982, the respondent, Joseph L. Carbonaro, entered a plea of guilty, in the United States District Court for the Southern District of Florida, to the felony charge of conspiracy to possess with intent to distribute quantities of cocaine. The court found him guilty of this offense and placed him on probation for four years, withholding imposition of a sentence of confinement.
On September 12, 1983, The Florida Bar filed a formal complaint against the respondent. A referee was appointed and a hearing was held.
The referee recommended that respondent be found guilty of violating Florida Bar Code of Professional Responsibility, DR 1-102(A)(1), 1-102(A)(3), and 1-102(A)(6) and Florida Bar Integration Rule, article XI, Rule 11.02(3)(a) and (b). The referee recommended, as a disciplinary sanction, that respondent be suspended for a period of three years, effective August 13, 1983, and continuing thereafter until proof of rehabilitation.
In determining to recommend suspension rather than disbarment, the referee considered the following factors:
1. At the time Respondent committed the crime for which he is being disciplined, he suffered from a personality disorder for which he has sought and received psychiatric treatment. The criminal act is regarded as an "isolated incident" by his treating psychiatrist who reports that Respondent has made significant progress.
2. Respondent is a young man (35 years old) who shows great remorse for his criminal act and who has the ability to contribute exceptional legal talent to the community.
3. The criminal acts for which Respondent was convicted were unrelated to his practice of law and did not involve the violation of his clients' trust.
4. Although the Respondent committed a serious crime involving the sale of a large quantity of cocaine, it appears that he was not acting out of a corrupt, vile or base motive, but rather out of an ingenuous and misguided desire to "help" his friends.
5. Respondent has suffered personal hardship, embarrassment, humiliation, publicity, and the attendant financial hardships which accompany lack of employment opportunities for a suspended lawyer on federal probation.
6. The Respondent has evidenced a genuine commitment to initiate a course of both public service and commitment to work with legal services for the poor and to rehabilitate himself for a return to the practice of law.
7. In light of all the circumstances in this case, the Referee believes that the stigma of disbarment is a burden on Respondent which is not necessary to encourage reformation or rehabilitation of Respondent, and would not result in any greater protection of the public than would a three year suspension.
The Florida Bar now petitions this Court to review the referee's recommended discipline. The bar argues that the referee's recommended discipline is too lenient and *551 that disbarment, rather than the disciplinary sanction of suspension is more appropriate.
This Court has established three criteria for determining the proper disciplinary sanction to be imposed against attorneys in action brought pursuant to article XI of the Integration Rule of The Florida Bar.
[F]irst, the judgment must be fair to society, both in terms of protecting the public from unethical conduct and at the same time not denying the public the services of a qualified lawyer as a result of undue harshness in imposing penalty. Second, the judgment must be fair to the Respondent, being sufficient to punish a breach of ethics and at the same time encourage reformation and rehabilitation. Third, the judgment must be severe enough to deter others who might be prone or tempted to become involved in like violations.
The Florida Bar v. Lord, 433 So.2d 983, 986 (Fla. 1983). The circumstances justifying the disciplinary sanction of disbarment were articulated in The Florida Bar v. Moore, 194 So.2d 264, 271 (Fla. 1966), where this Court stated that:
[D]isbarment is the extreme measure of discipline that can be imposed on any lawyer. It should be resorted to only in cases where the person charged has demonstrated an attitude or course of conduct that is wholly inconsistent with approved professional standards. To sustain disbarment there must be a showing that the person charged should never be at the bar. It should never be decreed where punishment less severe, such as reprimand, temporary suspension, or fine will accomplish the desired purpose.
The referee below found that the stigma of disbarment would be a burden on the respondent which is not necessary in this case to encourage reformation or rehabilitation, nor would it result in any greater protection of the public than would a three-year suspension. We agree. Based upon the evidence and the referee's findings of mitigating factors and the respondent's demonstrated potential for rehabilitation, we approve the findings and recommendations of the referee.
Accordingly, respondent, Joseph L. Carbonaro, is hereby suspended for a period of three years, effective August 13, 1983, and continuing thereafter until proof of rehabilitation.
Judgment for costs in the amount of $1,425.74 is hereby entered against respondent for which sum let execution issue.
It is so ordered.
BOYD, C.J., and McDONALD and SHAW, JJ., concur.
EHRLICH, J., dissents with an opinion, in which OVERTON and ALDERMAN, JJ., concur.
EHRLICH, Justice, dissenting.
I am unable to distinguish the facts of this case from those in The Florida Bar v. Wilson, 425 So.2d 2 (Fla. 1983), in which we disbarred the attorney. I adhere to the philosophy expressed in Wilson and would apply it here to disbar respondent.
OVERTON and ALDERMAN, JJ., concur.