PER CURIAM.
This attorney discipline proceeding is before us on complaint of The Florida Bar, report of the referee, and petition for review by respondent. We have jurisdiction. Art. V, § 15, Fla. Const.
In his report, the referee recommended that respondent be found guilty of violating The Florida Bar Integration Rule, article XI, Rule 11.02(3), which proscribes commission by a lawyer of any act contrary to honesty, justice or good morals, whether the act is committed in the course of such lawyer’s relations as an attorney or otherwise and that respondent be disbarred. In recommending disbarment, the referee considered the following findings of fact:
A. Respondent, although suspended from the practice of law by virtue of The Florida Bar Integration Rule, article XI, Rule 11.07(2), is and at all times hereinafter mentioned was a member of The Florida Bar subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
B. On August 30, 1983, respondent entered a plea of guilty to “Count One” of a multi-count indictment in case no. PCR81-00440 in United States District Court for the Northern District of Florida such count alleging, inter alia, violations by respondent of Title 18 United States Code, Sections 1961, 1962(d) and 1963.
C. A judgment of conviction was duly entered upon respondent’s plea of guilty.
D. Each of the offenses to which respondent pleaded guilty and was thereupon convicted constituted a felony under the laws under which the United States District Court for the Northern District of Florida exercised its jurisdiction.
E. Among the overt acts alleged in the indictment hereinabove referred to as having been committed by the respondent, were the following:
i. On or about November 24, 1978, at Savannah, Georgia, respondent together with others, did import into the United States and possessed with intent to distribute approximately 40,000 pounds of marijuana aboard the fishing vessel Seas-tar.
ii. On or about December 14, 1978, respondent and others used Douglas D.C.-3C Aircraft N4996E to transport a multi-ton load of marijuana from Columbia, South America to Belle Glade, Florida, which aircraft crashed while landing and was subsequently seized by federal authorities.
iii. On or about January 14, 1979, respondent and others caused two persons to travel in foreign commerce from Fort Lauderdale, Florida to Columbia, South America on board Douglas D.C.-3 Air *128 craft N90830 to pick up and import into the United States a multi-ton quantity of marijuana.
iv. On or about January 20, 1979, in Miami, Florida, respondent had a telephone conversation with another individual concerning arrangements for importing a load of marijuana into the United States and several other matters impacting upon their marijuana smuggling business.
v. On or about February 2, 1979, in Golden Beach, Florida, respondent had a telephone conversation with another individual concerning a large sum of money in excess of one million dollars that one Patrick C. Waldrop had delivered as part payment on a portion of the incoming shipment of marijuana being imported by aircraft.
Respondent now petitions this Court to review the referee’s recommended discipline. Respondent essentially argues that he was not afforded sufficient notice and time to enable him to present evidence to the referee to defend himself. We find no merit to this contention. Respondent had adequate notice and opportunity to present whatever evidence he deemed appropriate.
No substantial and convincing evidence of mitigating circumstances has been presented by respondent. Therefore, we are unable to distinguish the facts of this case from those of our prior decision in The Florida Bar v. Wilson, 425 So.2d 2 (Fla.1983), in which we disbarred an attorney. Furthermore, respondent has been under suspension from the practice of law pursuant to Rule 11.07(2) since October 26, 1983, and, in addition to such felony conviction suspension, was suspended by this Court from the practice of law for a period of two years for violating Disciplinary Rule 6-101(A)(3) of the Code of Professional Responsibility. The Florida Bar v. Wentworth, 453 So.2d 406 (Fla.1984).
Therefore, we approve the report of the referee and his recommendation of disbarment. Respondent is hereby disbarred, effective immediately.
Judgment for costs in the amount of $728.50 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.