495 So.2d 180 (1986)
THE FLORIDA BAR, Complainant/Cross-Respondent,
v.
Howard D. ROSEN, Respondent/Cross-Complainant.
No. 67442.
Supreme Court of Florida.
October 9, 1986.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Paul A. Gross, Bar Counsel, Miami, for complainant/cross-respondent.
Laurel White Marc-Charles, Fort Lauderdale, for respondent/cross-complainant.
ADKINS, Justice.
In March of 1983 respondent Howard D. Rosen was adjudicated guilty on federal felony charges of knowingly and intentionally *181 possessing cocaine with intent to distribute. Following the automatic suspension of his membership in The Florida Bar pursuant to Rule 11.07(3), Integration Rule of The Florida Bar, petitioner filed a complaint seeking Rosen's disbarment. The Florida Bar now seeks review of the referee's report recommending a three-year suspension. We have jurisdiction, article V, section 15, Florida Constitution; Florida Bar Integration Rule, art. XI, Rule 11.09, and affirm the findings and recommendations of the referee.
The referee recommended that Rosen be found guilty of violating disciplinary rules 1-102(A)(3) (engaging in illegal conduct involving moral turpitude) and 1-102(A)(6) (engaging in conduct adversely reflecting on his fitness to practice law). As discipline, the referee recommended that Rosen be suspended for three years, to run concurrently, nunc pro tunc, with the automatic suspension which became effective April 30, 1984. Further, the referee required him to utilize his considerable talents in providing two hundred hours of community service through The Florida Bar's Special Committee on Alcohol Abuse.
The Florida Bar contends that the serious nature of the felony conviction involved requires Rosen's disbarment. While fully recognizing the grave seriousness of drug trafficking charges, especially as lodged against members of The Florida Bar and officers of the Court, The Florida Bar v. Hecker, 475 So.2d 1240 (Fla. 1985); The Florida Bar v. Wilson, 425 So.2d 2 (Fla. 1983), we cannot disagree with the considered conclusion of the referee that disbarment is unnecessary under the circumstances of this case.
We turn to the facts of the case, illustrating yet another tragedy related to cocaine abuse. In 1969, Rosen graduated magna cum laude with a Bachelor's degree in Business Administration from the University of Miami. The following November he became a Certified Public Accountant. After attending and graduating second in his class from the University of Miami School of Law, Rosen established over a few years an excellent reputation as an attorney specializing in tax matters. Rosen additionally utilized his expertise for the benefit of The Florida Bar by authoring numerous articles and a book, as well as lecturing for continuing legal education programs.
As is so often the case, Rosen's productivity as a member of society precipitously plummeted as he became increasingly addicted to free-base cocaine. To his credit, he quietly wound up his law practice towards the end of 1981, when he no longer felt able to adequately protect the best interests of his clients. Unfortunately, however, he had by then lost the ability to exercise such care for himself, and continued to withdraw into the nightmarish nether-world of cocaine addiction until he finally became involved in drug trafficking in 1982.
The referee's findings of fact, we believe, well support the recommendation of suspension rather than disbarment. First, the referee found that "[t]he respondent's involvement in the crime for which he pleaded guilty was a result of his own addiction to cocaine at the time," and that "respondent's addiction was the prime force behind his felony conviction." As a witness speaking on Rosen's behalf testified, "[his] problems, I am certain, [were] directly attached to the cocaine problem he had; it is a disease. I think ... he was someone who had it very very badly."
This Court has in the past held that a loss of control due to addiction may properly be considered as a mitigating circumstance in order to reach a just conclusion as to the discipline to be properly imposed. The Florida Bar v. Larkin, 420 So.2d 1080 (Fla. 1982); The Florida Bar v. Ullensvang, 400 So.2d 969 (Fla. 1981).
Second, and most crucially, the referee found that "it affirmatively appears that since the time of his arrest and conviction in early 1983, Mr. Rosen has overcome his addiction, and no longer engages in illegal drug use." Because the extreme sanction of disbarment is to be imposed only "in those rare cases where rehabilitation is *182 highly improbable," The Florida Bar v. Davis, 361 So.2d 159, 162 (Fla. 1978), and the finding has been made that "[Rosen] has an excellent chance of being a great asset to the bar of this state," we, with the referee, "must reject the recommendation of The Florida Bar that he be disbarred, since such a punishment appears not only too harsh in the circumstances, but may well deprive the legal community of the benefit of Mr. Rosen's participation as an attorney in the future, should he be found rehabilitated and reinstated after the suspension period."
We therefore adopt the findings, conclusions and recommendations of the referee and suspend respondent from the practice of law, nunc pro tunc, for a three-year period commencing April 30, 1984.
Judgment for costs in the amount of $338.05 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
BOYD, OVERTON, SHAW and BARKETT, JJ., concur.
EHRLICH, J., concurs in part and dissents in part with an opinion, in which McDONALD, C.J., concurs.
EHRLICH, Justice, concurring in part/dissenting in part.
I concur with the majority except that I believe that Mr. Rosen should be required to take and pass the Florida Bar examination before being permitted to return to the practice of law.
Mr. Rosen was indicted and adjudicated guilty in the United States District Court for the Southern District of Florida of the offense of possessing with intent to distribute cocaine on or about June 17, 1982. At the hearing before the referee, respondent offered into evidence a composite exhibit which reflects that respondent was also indicted in the United States District Court, Eastern District of Michigan, of conspiracy to possess with intent to distribute and to distribute cocaine, growing out of the event that led to respondent's indictment and conviction in the federal court in Florida.
The Bar urges us to disbar respondent because he had two convictions in the federal court for narcotic violations. However, the Bar's complaint only charges respondent with the Florida conviction. From the record it appears that respondent was also convicted in Michigan which resulted in his being incarcerated again. However, the respondent was not charged by the Bar with the second conviction and the referee's report is based on the first conviction and does not address the second conviction. If the Bar wanted to proceed on the two convictions, its charging document should have been drawn accordingly and proof in support thereof should have been introduced into evidence. Therefore, I do not think we can consider the second conviction.
I am of the opinion that when a member of the Florida Bar is convicted of possessing with intent to distribute cocaine that such warrants disbarment, absent compelling mitigating circumstances. In the instant case, I think there are compelling mitigating factors which support the referee's recommendation of suspension for three years instead of disbarment. The Bar cites The Florida Bar v. Wilson, 425 So.2d 2 (Fla. 1983), in support of its position. That case involved conviction of two felonies; but of more significance, in the context of the facts here, we said "If substantial and convincing evidence of mitigating circumstances had been presented, the complexion of the case may very well have been different. But no evidence in mitigation has been proffered by respondent." Id. at 3.
Because of the mitigating circumstances, I concur with the referee's recommendation of suspension. However, Mr. Rosen has not practiced law since late 1981. His suspension was effective April 30, 1984, and his suspension will be lifted three years thereafter, April 29, 1987. Mr. Rosen will have been out of the practice in excess of five years. I am of the opinion that, for the protection of the public, he should be required to take and successfully pass the *183 Florida Bar examination before he is permitted to return to the practice of law.
McDONALD, C.J., concurs.