509 So.2d 285 (1987)
THE FLORIDA BAR, Complainant,
v.
Michael J. JAHN, Respondent.
No. 68279.
Supreme Court of Florida.
June 25, 1987.
*286 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David G. McGunegle, Branch Staff Counsel and Jan K. Wichrowski, Bar Counsel, Orlando, for complainant.
John A. Weiss, Tallahassee, for respondent.
PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar and the contested report of the referee. We have jurisdiction, article V, section 15, Florida Constitution.
In May 1985 Jahn pled nolo contendere and was adjudicated guilty of delivery of cocaine to a minor, a first-degree felony, and possession of cocaine, a third-degree felony. The convictions were based on two separate incidents one of which occurred in May 1984 and which involved Jahn's injecting himself and a nineteen-year-old female with cocaine. The other incident occurred in a drugstore restroom in June 1984 when Jahn injected himself and a fifteen-year-old female with cocaine. In June 1985 Jahn was sentenced to a four-and-one half year term of incarceration in each case to run concurrently. Jahn was suspended from the practice of law for three years effective June 12, 1985 by order of this Court dated July 24, 1985 in case number 67,317.
The Florida Bar filed a complaint against Jahn based upon this felonious conduct and sought disbarment. After a hearing thereon, the referee recommended that Jahn be found guilty of violating Florida Bar Integration Rules 11.02(3)(a), for engaging in conduct contrary to honesty, justice and good morals, and 11.02(3)(b), for engaging in felonious criminal conduct, and Disciplinary Rule 1-102(A)(3), for engaging in illegal conduct involving moral turpitude. As to the recommended discipline, the referee found that Jahn's felonious conduct was the direct result of his cocaine addiction. The referee further found that Jahn's practice of law was not affected by his addiction and that Jahn has since the time of his convictions led a drug-free life and is medically classified as a recovering addict. Because of these factors and the high price that Jahn has already paid for his addiction, the referee recommended that Jahn be suspended from the practice of law for three years, with the suspension to be retroactive from June 12, 1985.
The bar petitions for review of the referee's recommended discipline and raises several arguments in support of its claim that disbarment is the appropriate discipline in this case.
The bar's first argument centers on the testimony of the two females involved in the incidents leading to Jahn's criminal convictions. Because the referee viewed their testimony as highly unreliable and worthy of little weight, the bar claims that the referee erroneously "went behind" Jahn's convictions and attempted to refute the basis of these convictions. We disagree. The referee specifically found that Jahn candidly admitted his felony convictions and accepted the responsibility for his conduct. However, the bar had these two witnesses testify in an attempt to prove that Jahn's conduct was even more reprehensible than the convictions themselves indicated, by showing that Jahn had forcefully injected these young girls with cocaine against their will. The referee's finding that the cocaine use in both of these incidents was consensual and was, therefore, contrary to the bar's allegations, is supported by the evidence and does not represent the referee's attempting to refute the facts underlying Jahn's felony convictions.
The bar's second argument is that this Court should adopt an automatic disbarment rule whenever an attorney is convicted of a felony. We reject this suggestion and will continue to view each case solely on the merits presented therein.
Finally, the bar suggests that simply under the facts presented, disbarment is the appropriate discipline. We cannot agree. There is no question, of course, that the acts engaged in by Jahn were *287 egregious and are to be strongly condemned. The troublesome question presented here, however, is what role the substantial evidence in mitigation introduced by Jahn below should play in determining the proper discipline to be imposed.
The referee, in a thoughtful and cogent report, concluded that Jahn's lack of prior disciplinary history, the fact that no clients were injured, that Jahn's misconduct was directly related to his drug addiction and Jahn's exemplary efforts to rid himself of his chemical dependency should be considered as mitigating the discipline to be imposed. Therefore, the referee recommended that Jahn be suspended from the practice of law for a period of three years, with the suspension to be retroactive from June 12, 1985.
Based upon these facts, we find the referee's recommendation to be entirely reasonable and will serve the purposes of bar discipline set forth in The Florida Bar v. Larkin, 447 So.2d 1340 (Fla. 1984).
An attorney with a chemical dependency problem, whether the drug of his choice is legal such as alcohol, or illegal such as cocaine, should be encouraged to seek treatment to rid himself of the dependency. We have held in prior bar disciplinary cases that an addicted attorney who has demonstrated positive efforts to free himself of his drug dependency should have that fact recognized by the referee and this Court when considering the appropriate discipline to be imposed. See The Florida Bar v. Knowles, 500 So.2d 140 (Fla. 1986); The Florida Bar v. Rosen, 495 So.2d 180 (Fla. 1986). We find that our decision in Rosen points toward accepting the referee's recommendation here of a three-year suspension.
Accordingly, we approve the referee's recommendation as to guilt and approve his recommended discipline. It is the judgment of this Court that the respondent, Michael J. Jahn, be suspended from the practice of law for a period of three years, nunc pro tunc, commencing on June 12, 1985. Judgment for costs in the amount of $1,807.31 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
OVERTON, SHAW, BARKETT and GRIMES, JJ., concur.
EHRLICH, J., concurs in part and dissents in part with an opinion, in which McDONALD, C.J., and KOGAN, J., concur.
EHRLICH, Justice, concurring in part and dissenting in part.
I concur in the Court's opinion approving the referee's findings of guilt. I also agree that the substantial mitigating evidence presented by Jahn should play a role in determining what discipline should be imposed in this case.
In my view, however, the consent of the minor notwithstanding, injecting a fifteen-year-old girl with cocaine in a drugstore restroom demands the ultimate opprobrium of disbarment. I would utilize the mitigating factors presented to impose the period of disbarment retroactively from the date of our prior order of suspension of June 12, 1985.
McDONALD, C.J., and KOGAN, J., concur.