43 So.3d 36 (2010)
THE FLORIDA BAR, Complainant,
v.
Noah Daniel LIBERMAN, Respondent.
No. SC06-1874.
Supreme Court of Florida.
August 26, 2010.
*37 John F. Harkness, Jr., Executive Director, Kenneth Lawrence Marvin, Staff Counsel, The Florida Bar, Tallahassee, FL, and William Mulligan, Bar Counsel, The Florida Bar, Miami, FL, for Complainant.
Richard Baron of Richard Baron and Associates, Miami, FL, for Respondent.
PER CURIAM.
We have for review a referee's report recommending that the Court accept respondent's unconditional guilty plea and consent judgment for discipline, suspending respondent from The Florida Bar for three years. We have jurisdiction. See art. V, § 15, Fla. Const. As more fully explained below, after consideration of the referee's report, the guilty plea and consent judgment, and the parties' joint response to the Court's order to show cause why respondent should not be disbarred, we disapprove the proposed sanction of a three-year suspension and disbar respondent effective, nunc pro tunc, July 3, 2006.
On March 30, 2006, respondent Noah Daniel Liberman pleaded guilty and was adjudicated guilty of one first-degree felony count of trafficking in the drug known as "Ecstasy" (ten grams or more but less than 200 grams). Due to this felony conviction, he was, on July 3, 2006, automatically suspended from The Florida Bar pursuant to Rule Regulating the Florida Bar 3-7.2(e), in case number SC06-977. He has remained suspended since that time.
After the automatic felony suspension was imposed, The Florida Bar filed a complaint against respondent, alleging that based on his felony conviction he violated Rules Regulating the Florida Bar 3-4.3, providing that the "commission by a lawyer of any act that is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney's relations as an attorney or otherwise, whether committed within or outside the state of Florida, and whether or not the act is a felony or misdemeanor, may constitute a cause for discipline," and 4-8.4(b), providing that a lawyer shall not "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects." As noted, the respondent and the Bar have submitted and the referee has recommended that the Court accept an unconditional guilty plea and consent judgment for discipline suspending respondent for three years effective, nunc pro tunc, July 3, 2006. The referee's report recites the following facts stipulated in the guilty plea and consent judgment:
Respondent, Noah Daniel Liberman, was a young attorney who was primarily, if not exclusively, involved in civil litigation. He also had an illness; he was a drug addict and was severely addicted to the drugs methamphetamine and M.D.M.A. (ecstasy). For years prior to his arrest, drugs controlled his life.
The use of the drugs led to he and his friends pooling their funds to purchase the drugs in greater quantity for a volume discount and then the drugs being distributed among his friends. During this time period one of his friends, a fellow addict, was arrested for a drug offense and began working undercover *38 for Coral Gables Police Department in conjunction with the Miami Beach Police [D]epartment and the Drug Enforcement Administration (DEA) unbeknownst to Respondent.
For a period of approximately six weeks in 2004, this "confidential source" purchased small quantities of either methamphetamine or M.D.M.A. from Respondent on four (4) occasions as follows:
(1) On February 16, 2004, 1 gram of methamphetamine.
(2) On February 24, 2004, 2 grams of methamphetamine and 2 M.D.M.A. Ecstasy pills.
(3) On March 9, 2004, 1 gram of Methamphetamine
(4) On April 5, 2004, 2 grams of Methamphetamine.
The "confidential source" then requested that Respondent obtain an amount of the drug M.D.M.A. that far exceeded that which was usual or customary for Respondent to have in his possession. Once the "confidential source" was confident that Respondent had the requested drugs in his possession, the police were notified and raided Respondent's home finding a trafficking amount of the drug M.D.M.A.
Subsequently, Respondent entered into a plea agreement with the Office of the State Attorney and pled guilty. On or about March 30, 2006, Respondent was adjudicated guilty of one felony count of Phenethylamine/Ecstasy/Trafficking of 10 Grams or more but less than 200 Grams.... Since that time he has cooperated with authorities, served a short sentence in county jail over weekends only, served six months on community control, and successfully completed his probation.
The referee also found and considered the following mitigating factors: (1) respondent did not have a prior disciplinary record; (2) he lacked a dishonest or selfish motive; (3) he made a timely good-faith effort to rectify the consequences of his misconduct; (4) he made a full and free disclosure to the disciplinary board and had a cooperative attitude toward the proceeding; (5) he was inexperienced in the practice of law; (6) he otherwise had a good reputation and character; (7) he had a physical or mental disability or impairment; (8) he participated in an interim rehabilitation program; (9) other penalties or sanctions were imposed on him; (10) he showed remorse for his actions; and (11) he was involved in ongoing supervised rehabilitation under Florida Lawyer's Assistance, Inc. The referee considered one aggravating factorrespondent's pattern of misconduct.
On January 8, 2010, after considering the referee's report, we directed the parties to show cause why the recommended sanction should not be disapproved and why harsher sanctions, including disbarment, should not be imposed. The Bar and respondent filed a joint response to the order to show cause, contending that in light of the mitigating circumstances in this case, a three-year suspension is appropriate. We disagree.
As acknowledged by the parties, under Standard for Imposing Lawyer Sanctions 5.11, the presumptive discipline for an attorney convicted of a felony is disbarment. The burden is on the attorney to overcome this presumption. Fla. Bar v. McKeever, 766 So.2d 992, 993 (Fla. 2000). Here, despite the presence of substantial mitigation, we conclude that a lesser sanction is not justified.
The Bar and respondent point to multiple cases where we have imposed lengthy suspensions in cases involving felony convictions *39 where substantial mitigation, including drug and alcohol addiction, was shown. See, e.g., Fla. Bar v. Del Pino, 955 So.2d 556 (Fla.2007) (recognizing cases where a respondent's drug addiction caused or contributed to the felonious conduct and resulted in suspension instead of disbarment); Fla. Bar v. Hochman, 815 So.2d 624 (Fla.2002) (suspending attorney for three years where attorney pled no contest to felony grand theft and mitigating evidence included drug and alcohol addiction); Fla. Bar v. Marcus, 616 So.2d 975 (Fla.1993) (suspending attorney for three years after conviction of felony for misappropriating client funds where cocaine addiction was directly and causally linked to misconduct); Fla. Bar v. Corbin, 540 So.2d 105 (Fla.1989) (suspending attorney for three years after conviction of attempted sexual battery on a child where substantial mitigation included voluntarily entering and completing residential alcohol treatment program); Fla. Bar v. Jahn, 509 So.2d 285 (Fla.1987) (suspending attorney for three years after conviction for delivery of cocaine to a minor and possession of cocaine where drug addiction was one of several mitigating factors); Fla. Bar v. Rosen, 495 So.2d 180, 181 (Fla.1986) (suspending attorney for three years after conviction for possession of cocaine with intent to distribute, where addiction was found to be the "prime force behind his felony conviction").
Of these cases, only Rosen involved drug trafficking. In Rosen, the attorney had become increasingly addicted to free-base cocaine, so much so that he voluntarily closed his law practice because he could no longer serve his clients. Rosen, 495 So.2d at 181. Subsequently, he "continued to withdraw into the nightmarish netherworld of cocaine addiction until he finally became involved in drug trafficking." Id. In contrast, here there was no showing that respondent was essentially incapacitated by his addiction. We have not hesitated in the past to disbar Florida attorneys with felony convictions involving drug trafficking. See Fla. Bar v. Hecker, 475 So.2d 1240 (Fla.1985) (disbarring attorney who pled guilty to criminal conspiracy to traffic in 1000 pounds of cannabis); Fla. Bar v. Wilson, 425 So.2d 2 (Fla.1983) (disbarring attorney convicted of solicitation to traffic in cocaine and attempted trafficking in cocaine).
Given the gravity of respondent's offense, we conclude that disbarment effective, nunc pro tunc, July 3, 2006, is the appropriate sanction in light of the criteria previously enunciated by this Court in Florida Bar v. Pahules, 233 So.2d 130, 132 (Fla.1970): the sanction must be (1) fair to the disciplined attorney, being sufficient to punish while at the same time encouraging rehabilitation; (2) fair to society, both in terms of protecting the public from unethical conduct and at the same time not denying the public the service of a qualified lawyer as a result of undue harshness; and (3) severe enough to deter others who might be tempted to engage in like violations. See also Fla. Bar v. St. Louis, 967 So.2d 108, 124 (Fla.2007) (discussing Pahules criteria). Disbarment of an attorney convicted of a serious felony offense cannot be interpreted as unfair to him. Illegal behavior involving moral turpitude demonstrates intentional disregard for the very laws an attorney is bound to uphold. Disbarment under these circumstances also serves best to encourage rehabilitation and to protect the public in that it ensures respondent may be readmitted only upon full compliance with the rules and regulations governing admissions to the Bar. Finally, we conclude that only disbarment can measure up to the gravity of a conviction for illegal drug trafficking and serve as a sufficient deterrent for others who might be tempted to engage in similar *40 illegal activity. Although we do not find that the mitigating circumstances present in this case are sufficient to overcome the presumption of disbarment for a felony conviction, we do find that such mitigation is sufficient to justify making the order of disbarment effective, nunc pro tunc, to the date respondent was automatically suspended due to the felony conviction.
Accordingly, Noah Daniel Liberman is hereby disbarred effective, nunc pro tunc, July 3, 2006. Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida XXXXX-XXXX, for recovery of costs from Noah Daniel Liberman in the amount of $1,858.22, for which sum let execution issue.
It is so ordered.
CANADY, C.J., and LEWIS, POLSTON, LABARGA, and PERRY, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion, in which QUINCE, J., concurs.
PARIENTE, J., concurring in part and dissenting in part.
I would approve the referee's recommendation of a three-year suspension, as urged by The Florida Bar and agreed to by the respondent. Since respondent's drug crimes, which occurred over six years ago, he has led a drug-free and exemplary existence. Although respondent pled guilty to the serious offense of drug trafficking, the overwhelming evidence in this case demonstrates that his misconduct stemmed from a severe addiction to drugs, did not arise from the practice of law, and resulted in no client harm.
There are other strong mitigating factors in this case that, when coupled with respondent's addiction, weigh heavily in favor of a three-year suspension rather than disbarment. For example, when charged with this crime, respondent immediately assumed responsibility for his actions. This factor was critical to the determination by the State Attorney's Office during plea negotiations that a sentence of six months of house arrest and six months of jail on the weekends was appropriate far below the mandatory minimum requirement for the first-degree felony drug trafficking charge. The assistant state attorney testified that the mandatory minimum requirement was reduced in respondent's case because "it didn't seem ... like he was a street trafficker. He accepted responsibility. He went into rehab immediately. He was drug tested routinely and was always negative."
Further, since the time of his own arrest and plea agreement, respondent has lived an exemplary existence as found by the referee:
While his acceptance of responsibility and cooperation with the investigation and legal process is commendable, his resolve to turn his life around is impressive. Since the time of his arrest, nearly five and 1/2 years ago, Mr. Liberman has remained drug free (clean date is April 7, 2004). Over the past 3 1/2 years he has been a productive member of society working, continuing to contribute to the legal industry as a paralegal. He has also been a benefit to the community, initially volunteering as a tutor at Camillus House and now supervising the tutoring program and volunteering as a member of the Board of the Camillus House Young Leaders.
When determining the appropriate sanction, this Court should also consider the mitigating fact that respondent's crime, while serious, did not arise from the practice of law and resulted in no client harm. For example, this case stands in marked contrast to cases in which we have disbarred *41 attorneys whose substance abuse and addiction contributed to misappropriation of funds or abandonment of clients. See Fla. Bar v. Valentine-Miller, 974 So.2d 333, 338 (Fla.2008) ("This Court has disbarred attorneys who misappropriated funds or abandoned their clients, despite the referees findings of substance abuse and rehabilitation, concluding that the mitigation was insufficient to overcome the seriousness of the misconduct.") (citing Fla. Bar v. Prevatt, 609 So.2d 37 (Fla. 1992); Fla. Bar v. Shuminer, 567 So.2d 430 (Fla.1990); Fla. Bar v. Golub, 550 So.2d 455 (Fla.1989); Fla. Bar v. Rodriguez, 489 So.2d 726 (Fla.1986); Fla. Bar v. Setien, 530 So.2d 298 (Fla.1988)). In this case, there is no evidence of any client harm or any indication that respondent's addiction or crime impacted his performance as an attorney.
The majority distinguishes this case from Florida Bar v. Rosen, 495 So.2d 180 (Fla.1986), but in fact the circumstances are very similar. Like the attorney in Rosen, at the time of his arrest, respondent was heavily addicted to and impaired by drugs, specifically crystal methamphetamine. In Rosen, we explained:
The referee's findings of fact, we believe, well support the recommendation of suspension rather than disbarment. First, the referee found that "[t]he respondent's involvement in the crime for which he pleaded guilty was a result of his own addiction to cocaine at the time," and that "respondent's addiction was the prime force behind his felony conviction."
495 So.2d at 181. Similarly, in this case, respondent's addiction directly contributed to his conduct. As found by the referee when comparing the instant case to Rosen, "[r]espondent also slid into deep and mind altering addiction and it was the addiction that caused the actions that led to his arrest."
I understand that respondent pled guilty to a drug trafficking crime. However, when looking at the actual substance of the charges for this crime, which occurred over six years ago, it is not comparable to the trafficking crimes at issue in Hecker and Wilson, which are relied on by the majority. In Hecker, the attorney pled guilty to criminal conspiracy to traffic in 1000 pounds of cannabis. 475 So.2d at 1241. Here, respondent's crime involved 270 Ecstasy pills, totaling 37.7 grams. In Wilson, the attorney pressured one of his clients who was incarcerated in jail to make arrangements to have one and a half pounds of cocaine delivered to the attorney. 425 So.2d at 2. In this case, respondent's drug trafficking crime resulted from the request of a fellow addict and friend, who was working undercover after having been arrested.
I also emphasize that, even if we were to accept the recommendation of a three-year suspension, this would not be a guarantee of reinstatement. Demonstrating rehabilitation is a very heavy burden to meet, especially in cases with the added concern of addiction.
Finally, to the extent the majority attempts to lessen the severity of the sanction of disbarment by finding that the mitigation is sufficient to justify making the order of disbarment effective, nunc pro tunc, to the date respondent was automatically suspended, I note that when this Court suspends an attorney, the suspension is usually effective, nunc pro tunc, to the date of original suspension.
In light of the foregoing, and because it has been over six years since the offense and respondent has lived an exemplary and drug-free existence for those six years, I would accept the referee's strong recommendation, joined by The Florida *42 Bar, that we approve the three-year suspension.
QUINCE, J., concurs.