PER CURIAM.
We have for review a referee’s report recommending that the Court accept respondent’s unconditional guilty plea and consent judgment for discipline, suspending respondent from The Florida Bar for three years. We have jurisdiction. See art. V, § 15, Fla. Const. As more fully explained below, after consideration of the referee’s report, the guilty plea and consent judgment, and the parties’ joint response to the Court’s order to show cause why respondent should not be disbarred, we disapprove the proposed sanction of a three-year suspension and disbar respondent effective, nunc pro tunc, July 8, 2006.
On March 30, 2006, respondent Noah Daniel Liberman pleaded guilty and was adjudicated guilty of one first-degree felony count of trafficking in the drug known as “Ecstasy” (ten grams or more but less than 200 grams). Due to this felony conviction, he was, on July 3, 2006, automatically suspended from The Florida Bar pursuant to Rule Regulating the Florida Bar 3-7.2(e), in case number SC06-977. He has remained suspended since that time.
After the automatic felony suspension was imposed, The Florida Bar filed a complaint against respondent, alleging that based on his felony conviction he violated Rules Regulating the Florida Bar 3-4.3, providing that the “commission by a lawyer of any act that is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney’s relations as an attorney or otherwise, whether committed within or outside the state of Florida, and whether or not the act is a felony or misdemeanor, may constitute a cause for discipline,” and 4-8.4(b), providing that a lawyer shall not “commit a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer in other respects.” As noted, the respondent and the Bar have submitted and the referee has recommended that the Court accept an unconditional guilty plea and consent judgment for discipline suspending respondent for three years effective, nunc pro tunc, July 3, 2006. The referee’s report recites the following facts stipulated in the guilty plea and consent judgment:
Respondent, Noah Daniel Liberman, was a young attorney who was primarily, if not exclusively, involved in civil litigation. He also had an illness; he was a drug addict and was severely addicted to the drugs methamphetamine and M.D.M.A. (ecstasy). For years pri- or to his arrest, drugs controlled his life.
The use of the drugs led to he and his friends pooling their funds to purchase the drugs in greater quantity for a volume discount and then the drugs being distributed among his friends. During this time period one of his friends, a fellow addict, was arrested for a drug offense and began working undercover *38 for Coral Gables Police Department in conjunction with the Miami Beach Police [Department and the Drug Enforcement Administration (DEA) unbeknownst to Respondent.
For a period of approximately six weeks in 2004, this “confidential source” purchased small quantities of either methamphetamine or M.D.M.A. from Respondent on four (4) occasions as follows:
(1) On February 16, 2004, 1 gram of methamphetamine.
(2) On February 24, 2004, 2 grams of methamphetamine and 2 M.D.M.A. Ecstasy pills.
(3) On March 9, 2004, 1 gram of Methamphetamine
(4) On April 5, 2004, 2 grams of Methamphetamine.
The “confidential source” then requested that Respondent obtain an amount of the drug M.D.M.A. that far exceeded that which was usual or customary for Respondent to have in his possession. Once the “confidential source” was confident that Respondent had the requested drugs in his possession, the police were notified and raided Respondent’s home finding a trafficking amount of the drug M.D.M.A.
Subsequently, Respondent entered into a plea agreement with the Office of the State Attorney and pled guilty. On or about March 30, 2006, Respondent was adjudicated guilty of one felony count of Phenethylamine/Ecstasy/Traf-ficking of 10 Grams or more but less than 200 Grams.... Since that time he has cooperated with authorities, served a short sentence in county jail over weekends only, served six months on community control, and successfully completed his probation.
The referee also found and considered the following mitigating factors: (1) respondent did not have a prior disciplinary record; (2) he lacked a dishonest or selfish motive; (3) he made a timely good-faith effort to rectify the consequences of his misconduct; (4) he made a full and free disclosure to the disciplinary board and had a cooperative attitude toward the proceeding; (5) he was inexperienced in the practice of law; (6) he otherwise had a good reputation and character; (7) he had a physical or mental disability or impairment; (8) he participated in an interim rehabilitation program; (9) other penalties or sanctions were imposed on him; (10) he showed remorse for his actions; and (11) he was involved in ongoing supervised rehabilitation under Florida Lawyer’s Assistance, Inc. The referee considered one aggravating factor — respondent’s pattern of misconduct.
On January 8, 2010, after considering the referee’s report, we directed the parties to show cause why the recommended sanction should not be disapproved and why harsher sanctions, including disbarment, should not be imposed. The Bar and respondent filed a joint response to the order to show cause, contending that in light of the mitigating circumstances in this case, a three-year suspension is appropriate. We disagree.
As acknowledged by the parties, under Standard for Imposing Lawyer Sanctions 5.11, the presumptive discipline for an attorney convicted of a felony is disbarment. The burden is on the attorney to overcome this presumption. Fla. Bar v. McKeever, 766 So.2d 992, 993 (Fla.2000). Here, despite the presence of substantial mitigation, we conclude that a lesser sanction is not justified.
The Bar and respondent point to multiple cases where we have imposed lengthy suspensions in cases involving felony con *39 victions where substantial mitigation, including drug and alcohol addiction, was shown. See, e.g., Fla. Bar v. Del Pino, 955 So.2d 556 (Fla.2007) (recognizing 'cases where a respondent’s drug addiction caused or contributed to the felonious conduct and resulted in suspension instead of disbarment); Fla. Bar v. Hochman, 815 So.2d 624 (Fla.2002) (suspending attorney for three years where attorney pled no contest to felony grand theft and mitigating evidence included drug and alcohol addiction); Fla. Bar v. Marcus, 616 So.2d 975 (Fla.1993) (suspending attorney for three years after conviction of felony for misappropriating client funds where cocaine addiction was directly and causally linked to misconduct); Fla. Bar v. Corbin, 540 So.2d 105 (Fla.1989) (suspending attorney for three years after conviction of attempted sexual battery on a child where substantial mitigation included voluntarily entering and completing residential alcohol treatment program); Fla. Bar v. Jahn, 509 So.2d 285 (Fla.1987) (suspending attorney for three years after conviction for delivery of cocaine to a minor and possession of cocaine where drug addiction was one of several mitigating factors); Fla. Bar v. Rosen, 495 So.2d 180, 181 (Fla.1986) (suspending attorney for three years after conviction for possession of cocaine with intent to distribute, where addiction was found to be the “prime force behind his felony conviction”).
Of these cases, only Rosen involved drug trafficking. In Rosen, the attorney had become increasingly addicted to free-base cocaine, so much so that he voluntarily closed his law practice because he could no longer serve his clients. Rosen, 495 So.2d at 181. Subsequently, he “continued to withdraw into the nightmarish netherworld of cocaine addiction until he finally became involved in drug trafficking.” Id. In contrast, here there was no showing that respondent was essentially incapacitated by his addiction. We have not hesitated in the past to disbar Florida attorneys with felony convictions involving drug trafficking. See Fla. Bar v. Flecker, 475 So.2d 1240 (Fla.1985) (disbarring attorney who pled guilty to criminal conspiracy to traffic in 1000 pounds of cannabis); Fla. Bar v. Wilson, 425 So.2d 2 (Fla.1983) (disbarring attorney convicted of solicitation to traffic in cocaine and attempted trafficking in cocaine).
Given the gravity of respondent’s offense, we conclude that disbarment effective, nunc 'pro tunc, July 3, 2006, is the appropriate sanction in light of the criteria previously enunciated by this Court in Florida Bar v. Pahules, 233 So.2d 130, 132 (Fla.1970): the sanction must be (1) fair to the disciplined attorney, being sufficient to punish while at the same time encouraging rehabilitation; (2) fair to society, both in terms of protecting the public from unethical conduct and at the same time not denying the public the service of a qualified lawyer as a result of undue harshness; and (3) severe enough to deter others who might be tempted to engage in like violations. See also Fla. Bar v. St. Louis, 967 So.2d 108, 124 (Fla.2007) (discussing Pa-hules criteria). Disbarment of an attorney convicted of a serious felony offense cannot be interpreted as unfair to him. Illegal behavior involving moral turpitude demonstrates intentional disregard for the very laws an attorney is bound to uphold. Disbarment under these circumstances also serves best to encourage rehabilitation and to protect the public in that it ensures respondent may be readmitted only upon full compliance with the rules and regulations governing admissions to the Bar. Finally, we conclude that only disbarment can measure up to the gravity of a conviction for illegal drug trafficking and serve as a sufficient deterrent for others who might be tempted to engage in similar *40 illegal activity. Although we do not find that the mitigating circumstances present in this case are sufficient to overcome the presumption of disbarment for a felony conviction, we do find that such mitigation is sufficient to justify making the order of disbarment effective, nunc pro tunc, to the date respondent was automatically suspended due to the felony conviction.
Accordingly, Noah Daniel Liberman is hereby disbarred effective, nunc pro tunc, July 3, 2006. Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Noah Daniel Liberman in the amount of $1,858.22, for which sum let execution issue.
It is so ordered.
CANADY, C.J., and LEWIS, POLSTON, LABARGA, and PERRY, JJ„ concur.
PARIENTE, J., concurs in part and dissents in part with an opinion, in which QUINCE, J., concurs.