540 So.2d 105 (1989)
THE FLORIDA BAR, Petitioner,
v.
Louis C. CORBIN, Respondent.
No. 71930.
Supreme Court of Florida.
March 9, 1989.
*106 John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel and James N. Watson, Jr., Bar Counsel, Tallahassee, for petitioner.
Henry M. Coxe, III, of Coxe and Schemer, and Steven A. Werber of Commander, Legler, Werber, Dawes, Sadler & Howell, Jacksonville, for respondent.
PER CURIAM.
This proceeding is before us upon the complaint of The Florida Bar and the referee's report. The Florida Bar has filed a petition seeking review of the referee's report recommending a three-year suspension. We have jurisdiction.[1]
Respondent, while a circuit court judge, pled nolo contendere to the crime of attempted sexual activity with a child twelve years of age or older but less than eighteen years of age with whom he stood in a position of familial or custodial authority.[2] As part of the plea agreement, respondent resigned his position as circuit court judge. The trial judge withheld adjudication and placed respondent on probation. The sentencing order established a term of three years' probation and required respondent to serve sixty days' jail time, to resign his position as a judge of the circuit court, to submit to a psychosexual evaluation, to enter into an alcohol dependency treatment program, and to pay the costs of counseling incurred by the victims. The referee recommended that respondent be found guilty of violating rule 4-8.4(b), of the Rules Regulating The Florida Bar.[3] The parties do not contest the recommended finding of guilt.
The single issue is whether a three-year suspension is appropriate in this case. Both parties agree that the commission of a felony does not in itself mandate disbarment. The Florida Bar v. Pavlick, 504 So.2d 1231, 1235 (Fla. 1987). See also The Florida Bar v. Jahn, 509 So.2d 285 (Fla. 1987); The Florida Bar v. Chosid, 500 So.2d 150 (Fla. 1987); The Florida Bar v. Carbonaro, 464 So.2d 549 (Fla. 1985).
The Florida Bar, however, asserts that only disbarment is appropriate for a felony conviction involving a crime of sexual misconduct by a sitting circuit court judge and cites In Re: LaMotte, 341 So.2d 513 (Fla. 1977), and The Florida Bar v. Hefty, 213 So.2d 422 (Fla. 1968), as support. We find the Bar's reliance upon these cases misplaced. LaMotte concerned the Judicial Qualification Commission's recommended removal of LaMotte from his position as a circuit judge. There, the Court specifically noted that "facts requiring the reprimand or removal of a judge may not in all circumstances require reprimand or disbarment of an attorney." LaMotte, 341 So.2d at 517. In this case, that issue is moot because respondent already has surrendered his position as a circuit judge.
We likewise find Hefty inapplicable. Hefty was disbarred for engaging in sexual misconduct with his stepdaughter, which began when she was slightly more than ten years old and continued until she reached seventeen years. Hefty's misconduct included the taking of pornographic photographs and sexual abuse, resulting in pregnancy. *107 He disregarded a court order prohibiting him from visiting his stepdaughter. In addition, Hefty was the subject of prior disciplinary proceedings which resulted in a six-month suspension of his license for unprofessional conduct. Hefty, 213 So.2d at 423-24. Respondent's case presents very different circumstances. The record indicates that the criminal charge arose from a single incident associated with his depression and increasingly severe drinking problem. Furthermore, respondent has no prior disciplinary record.
Respondent asserts that the referee was correct and urges that disbarment is inappropriate in light of the substantial evidence of mitigation. He contends these mitigating factors outweigh the only evidence presented by the Bar, a certified copy of the judgment against him.
In mitigation, the referee found that after the incident in question, respondent voluntarily entered and completed a residential alcohol treatment program and, as required in the order of probation, started psychosexual counseling. He has performed all current court-ordered conditions of probation, including the payment of costs. Respondent was candid at the hearing and expressed genuine remorse over the injury to the victims and embarrassment caused the judiciary and Bar. Moreover, respondent's misconduct did not involve the practice of law nor actual breach of a professional responsibility to litigants or clients. After having heard the entire testimony, the referee concluded that respondent "has been and is being punished" and recommended suspension for three years.
On this record, we conclude that the referee's recommendation comports with the goals of attorney discipline and is therefore appropriate.
Accordingly, we approve the referee's report and recommendation and suspend respondent from the practice of law for a period of three years, nunc pro tunc, from the date of his temporary suspension on November 30, 1987, and thereafter until he proves rehabilitation. Judgment is entered against respondent for costs in the amount of $681.80, as recommended by the referee, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Art. V, § 15, Fla. Const.
[2] § 794.041(2)(b), Fla. Stat. (1987).
[3] That section provides:

A lawyer shall not ...
(b) Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.