582 So.2d 620 (1991)
THE FLORIDA BAR, Complainant,
v.
Richard L. CLARK, Respondent.
No. 75115.
Supreme Court of Florida.
July 11, 1991.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Bonnie L. Mahon, Asst. Staff Counsel, Tampa, for complainant.
Martin Errol Rice of Martin Errol Rice, P.A., St. Petersburg, for respondent.
PER CURIAM.
The Florida Bar (Bar) seeks review of the referee's recommended discipline in this matter. We have jurisdiction. Art. V, § 15, Fla. Const.
The Bar filed a complaint against Clark alleging that he participated in a conspiracy to import marijuana. Clark admitted the allegations of the complaint. In 1984 Clark agreed to assist a childhood friend in the importation of approximately 300 pounds of marijuana. He was paid $3,000 for his participation. Clark took his boat into the Gulf of Mexico, where he retrieved the marijuana that had been dropped from an airplane and transported it to St. Petersburg, Florida. In 1989, Clark's friend was apprehended in a different drug transaction that did not involve Clark. The friend informed law enforcement authorities of Clark's involvement in the 1984 importation scheme. When drug enforcement agents *621 questioned Clark, he admitted his involvement. Clark was indicted in 1989 on federal drug charges. He pled guilty and was sentenced to three years' imprisonment. Clark was suspended from the practice of law for the felony conviction, effective September 25, 1989.
The referee recommended that Clark be found guilty of violating rule 11.02(3)(a) of the Integration Rule of the Florida Bar and Disciplinary Rules 1-102(A)(3) and 1-102(A)(6) of the Code of Professional Responsibility. The recommendation of guilt is not at issue. Based on the presence of several mitigating factors, the referee recommended that Clark be suspended from the practice of law for thirty-six months. The Bar urges that Clark's conduct warrants disbarment.
The act for which Clark was convicted is a serious offense that warrants disbarment absent mitigating circumstances. See Florida's Standards for Imposing Lawyer Sanctions § 5.1 (Fla.Bar Bd.Governors 1986). However, substantial mitigation is present in this case. At the time of the criminal activity, Clark was under substantial personal stress. He was operating a law partnership with his father, who suffered from a drinking problem. Because of this, Clark was attempting to carry his father's work load as well as his own. In addition, Clark was experiencing problems related to the breakup of his marriage. When confronted, Clark admitted his involvement in the criminal activity and cooperated with law enforcement authorities. This appears to have been an isolated incident and Clark's only involvement in criminal activity. Additionally, it is of significance that Clark was not the promoter of the importation scheme. At the hearing before the referee, Clark admitted the allegations of the Bar's complaint. Clark has no prior disciplinary record.
The referee found Clark to be truly remorseful for the embarrassment he has caused himself and others. Clark presented several character witnesses, including attorneys and a Florida circuit judge who attested to Clark's legal ability and his reputation for honesty and integrity. According to witnesses, the incident in no way adversely affected the fulfillment of Clark's legal duties. Clark has performed substantial pro bono work and according to his character witnesses possesses a genuine concern for his clients. Other witnesses testified that Clark is hardworking, dedicated, and an asset to the community.
Based on the evidence and the referee's findings of substantial mitigation, we approve the recommended thirty-six month suspension. See The Fla. Bar v. Carbonaro, 464 So.2d 549 (Fla. 1985). The cases cited by the Bar in support of disbarment lack the level of mitigation present in this case.
Accordingly, respondent Richard L. Clark is hereby suspended for a period of thirty-six months, effective retroactively from the suspension that began on September 25, 1989, and continuing until proof of rehabilitation.
Judgment for costs in the amount of $1,036.85 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
SHAW, C.J. and OVERTON, McDONALD, BARKETT and GRIMES, JJ., concur.
KOGAN, J., dissenting with an opinion, in which HARDING, J., concurs.
KOGAN, Justice, dissenting.
I would disbar the respondent.
HARDING, J., concurs.