PER CURIAM.
We have for consideration a referee’s findings, conclusions and recommendations concerning the petition of Louis C. Corbin for reinstatement as a member of The Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const.
Respondent was suspended from the practice of law for three years effective November 30, 1987, after pleading nolo contendere to the crime of attempted sexual activity with a child between twelve and eighteen years of age with whom he stood in a position of familial or custodial authority. The Fla. Bar v. Corbin, 540 So.2d 105 (Fla.1989). On December 13, 1990, respondent filed a petition for reinstatement to membership in The Florida Bar. A referee was appointed, and a hearing upon the petition was held resulting in a report in which the referee concluded:
(a) Petitioner has at all times maintained strict compliance with his suspension order and has not practiced law in any form. He has earned a living as a musician while suspended.
(b) Evidence is substantial that he has maintained unimpeachable character after the disciplinary process and has committed no act or transgression contrary to the tenants and covenants *179 of the law. He has not consumed alcohol or illegal drugs and has completed extensive alcohol rehabilitation and psychological counseling.
(c) He has maintained an outstanding reputation in the community and his professional ability has been clearly demonstrated. His prior transgressions, although substantial and serious in nature, did not impact on his legal ability and professional acumen. His ability as an attorney and Circuit Judge is not brought into question. He has paid a substantial price for his failure to maintain high personal standards in the past, but it is unlikely that such conduct will repeat.
(d) The hearing was devoid of evidence that he maintained any malice, ill will or bad feeling towards those involved in the disciplinary process.
(e) His conduct and demeanor to the Referee during the hearing process indicated sincere repentance, strong desire to engage in the practice of law and to conduct himself in an exemplary fashion.
(f) No defalcation of funds was involved in his proceeding and he has paid all costs imposed as a financial requirement in the process.
Based upon these findings and conclusions, the referee recommended that respondent be reinstated to the practice of law as a member of The Florida Bar under the following conditions:
(a) Two (2) year probationary period to be monitored by F.L.A., Inc. (Florida Lawyer’s Assistance Program).
(b) Payment of costs of these proceedings in the sum of $513.02.
(c) Submission not less than once per year to a licensed psycho-sexual counselor for interview and evaluation to demonstrate Petitioner has no proclivity towards physical (sexual) involvement with minors. This requirement to extend for a period of five (5) years after reinstatement.
Respondent appeals only from the inclusion of the third special condition. As we previously noted, respondent’s “criminal charge arose from a single incident associated with his depression and increasingly severe drinking problem.” Corbin, 540 So.2d at 107. The referee specifically found that respondent had “not consumed alcohol or illegal drugs and has completed extensive alcohol rehabilitation and psychological counseling” and that “it is unlikely that such conduct will repeat.” Under these circumstances, we do not find that imposition of the third condition will serve any useful purpose. However, we extend the probationary period to five years.
Accordingly, we approve the referee’s report and recommendations with the exception of the third condition. The petition for reinstatement is granted effective this date subject to a five-year probationary period to be monitored by Florida Lawyer’s Assistance Program and payment of costs of these proceedings. Judgment is entered against respondent for costs in the amount of $639.52, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, MCDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
HARDING, J., recused.