PER CURIAM.
Sam E. Barket petitions this Court for review of the referee’s recommendation that he be disbarred as a result of his adjudication of guilt and sentence for a lewd and lascivious assault upon a fifteen-year-old girl. We have jurisdiction. Art. V, § 15, Fla. Const. For the reasons expressed, we uphold the referee’s recommendation and disbar Barket from the practice of law.
After Barket was convicted of the felony of sexual battery, this Court automatically suspended him from the practice of law pending the outcome of this disciplinary proceeding. The conviction resulted from the following facts. In 1989, Barket was charged with the felony of sexual battery. The charges stemmed from Barket’s paying one of his clients $100 for Barket to have sexual intercourse with a young girl. At the time Barket had sexual intercourse with the girl, she was fifteen years old, was a runaway from North Carolina, and was living with Barket’s client. At the time of his arrest, Barket signed a confession, admitting that he had sexual intercourse with the girl and he told officers that he knew she was “between the ages of fifteen and sixteen.” At trial, however, he contended that the confession was coerced, denied having sex with the girl, and denied knowing that the girl was only fifteen at the time of the incident. The jury convicted him as charged. The trial judge sentenced Bark-et to three years imprisonment to be followed by two years of probation. That sentence was subsequently reduced to one year and one day.
As a result of Barket’s felony conviction, the referee recommended that Barket be found guilty of violating Rules Regulating The Florida Bar 3-4.4 (conviction of a felony is grounds for automatic suspension) and 4-8.4(b) (a lawyer shall not commit a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer in other respects). As discipline, the referee recommended that Barket be disbarred. In recommending disbarment, the referee considered Barket’s age (60) and bar admission date (1961). The referee also noted that Barket had been convicted previously of another felony, dealing in stolen property, for which he was suspended for three years.
Barket appeals the referee’s recommended discipline of disbarment, asserting that other attorneys convicted of similar offenses have received less severe sanctions. See The Fla. Bar v. Corbin, 540 So.2d 105 (Fla.1989); The Fla. Bar v. Turner, 369 So.2d 581 (Fla.1979). He also contends that his conduct in no way involved the practice of law or breach of professional responsibility. Consequently, he asserts that his current, almost three-year suspension is punishment enough. We disagree.
The cases cited by Barket are distinguishable. In Corbin, extensive mitigating circumstances existed and the respondent was extremely remorseful. In Turner, the respondent was convicted of a misdemeanor, not a felony. Further, we cannot agree that Barket’s conduct in no way involved the practice of law or breach of professional responsibility to clients. Barket met the victim through a client, and the victim testified at trial that Barket gave her legal advice before he engaged in sexual intercourse with her. Moreover, given Barket’s signed confession and the testimony of the officers and victim at trial, we find that Barket exhibited a lack of candor in his testimony at trial. In fact, Barket still attempts to deny any wrongdoing, stating that he reasonably believed the victim to be more than eighteen at the time of the incident. In view of the circumstances of this case and Barket’s previous three-year suspension, we find disbarment to be the appropriate discipline.
Accordingly, Sam E. Barket is hereby disbarred. Judgment is entered against Barket for costs in the amount of $1,065.49, for which sum let execution issue.
It is so ordered.
Overton, McDonald, shaw, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., recused.