766 So.2d 992 (2000)
THE FLORIDA BAR, Complainant,
v.
Robert Peter McKEEVER, Jr., Respondent.
No. SC94561.
Supreme Court of Florida.
March 30, 2000.
Rehearing Denied August 28, 2000.
John F. Harkness, Jr., Executive Director, John Anthony Boggs, Staff Counsel, and James N. Watson, Jr., Bar Counsel, Tallahassee, Florida, for Complainant.
Robert Peter McKeever, Jr., Crestview, Respondent, pro se.
PER CURIAM.
The Florida Bar petitions this Court to review the referee's report recommending that Robert Peter McKeever, Jr., be suspended indefinitely for violating Rules Regulating the Florida Bar. We have jurisdiction. See art. V, § 15, Fla. Const.

FACTS
McKeever was criminally charged with five counts of aggravated child abuse involving three boys, each of which he was accused of "binding and blindfolding ... and beating ... about [the] naked body with a strap." McKeever pled guilty to these felony charges and was adjudicated guilty and sentenced to five concurrent six-year terms in prison followed by eight years' probation.
Based on these felony convictions, the Bar filed in this Court a Notice of Determination of Guilt pursuant to Rule Regulating the Florida Bar 3-7.2 seeking McKeever's automatic suspension. On July 14, 1998, this Court suspended McKeever. See Florida Bar v. McKeever, 718 So.2d 172 (Fla.1998).
The Bar then filed in this Court a complaint against McKeever seeking additional discipline based on his felony convictions. In his response to a Bar request for admissions, McKeever admitted to his guilty pleas, his sentences, and the fact that he was a member of the Bar at the time of his offenses. The Bar filed a motion for summary judgment on these admitted facts, and the appointed referee granted the motion. The referee then held a hearing on the discipline to be imposed.
The referee's report reflected that summary judgment had been entered based on the factual admissions discussed above. The referee recommended that McKeever be found guilty of violating Rules Regulating *993 the Florida Bar 3-4.3 ("The commission by a lawyer of any act that is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney's relations as an attorney or otherwise... may constitute a cause for discipline") and 4-8.4(b) (prohibiting attorneys from committing criminal acts which reflect adversely on honesty, trustworthiness, or fitness as a lawyer in other respects).
In determining the discipline to be imposed, the referee found that the following mitigating factors were present: (1) absence of a prior disciplinary record; (2) absence of a dishonest or selfish motive (finding that McKeever struck the children solely as a disciplinary measure); (3) personal or emotional problems (including marital problems and alcohol abuse); (4) good character and reputation (McKeever's extensive military record, which includes multiple rescue missions and numerous awards, as well as community activities); (5) mental or physical disability or impairment (back pain and alcoholism); (6) interim rehabilitation; (7) imposition of other penalties or sanctions (his incarceration and probation); and (8) remorse. The referee also found the following aggravating factors: (1) pattern of misconduct/multiple offenses (the abuse took place over a period of five months, but the referee noted that there was no evidence of similar offenses in the five years prior to the abuse in the instant case), and (2) substantial experience in the practice of law (however, the referee noted that McKeever's actions occurred outside the practice of law and did not violate a duty to a client).
Weighing these factors, the referee concluded that McKeever had overcome the presumption of disbarment for his felony convictions. The referee recommended that McKeever be suspended for an indefinite period (i.e., until the costs of the instant proceedings are paid, McKeever's civil rights are restored, and he demonstrates proof of rehabilitation).
The Florida Bar has petitioned for review, urging that the recommended discipline is too lenient and that disbarment is in order under the facts of this case.[1]

ANALYSIS
The Bar urges that even assuming the mitigating factors found by the referee are all supported by competent, substantial evidence,[2] disbarment would still be the only suitable discipline for McKeever's offenses. We agree.
In reviewing a referee's recommendation of discipline, this Court's scope of review is "broader than that afforded to findings of fact because, ultimately, it is [the Court's] responsibility to order an appropriate punishment." Florida Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989). Under Florida Standard for Imposing Lawyer Sanctions 5.11, disbarment is appropriate when an attorney is "convicted of a felony under applicable law." The burden is on the attorney to overcome the presumption of disbarment. See, e.g., Florida Bar v. Grief, 701 So.2d 555, 557 *994 (Fla.1997). McKeever has failed to do so in this case.
McKeever's crimes are shocking. He stripped, bound, blindfolded, and beat three minors with a strap on multiple occasions over a period of four-and-a-half months and a videotape was made of the beatings. Both The Florida Bar and McKeever acknowledge that there is no case law in the context of a Bar disciplinary action dealing with the type of felony committed by McKeever (i.e., physical child abuse). Regardless, it is clear that such conduct is completely contrary to the oath that every attorney takes to abstain from offensive personality. As such, even if we had accepted all of the referee's findings of mitigation, we would still conclude that disbarment is the only discipline which is remotely commensurate with McKeever's offenses.

CONCLUSION
Accordingly, Robert Peter McKeever, Jr., is hereby disbarred from the practice of law, for a period of five years. In this Court's July 14 order suspending McKeever, this Court afforded McKeever thirty days to close out his practice and protect the interests of existing clients, and further ordered that McKeever shall accept no new business from the date the order was issued. Accordingly, McKeever's disbarment in the instant case shall take effect immediately. Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from Robert Peter McKeever, Jr., in the amount of $1,388.15, for which sum let execution issue.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] The Bar does not challenge the referee's recommendations of guilt. We have reviewed the record and approve the referee's report in this regard.
[2] The Bar by no means concedes that all of the mitigating factors found by the referee are supported by competent, substantial evidence. For example, as to the referee's finding that McKeever suffered from mental or physical impairments (i.e., back pain and alcoholism), the Bar urges that this finding is not supported because McKeever provided no evidence at the hearing regarding the extent of his back pain or alcoholism, or the role that these alleged impairments played in the beatings. As to the referee's finding that McKeever was remorseful, the Bar urges that McKeever's continued efforts to justify the beatings demonstrate that his assertions of remorse are not sincere. We need not address the merits of the Bar's challenges, however, because even if all of the mitigating factors found by the referee were supported by competent, substantial evidence, we would still conclude that disbarment is the appropriate discipline in the instant case.