767 So.2d 438 (2000)
THE FLORIDA BAR, Complainant,
v.
David Carlton ARNOLD, Respondent.
No. SC94727.
Supreme Court of Florida.
August 24, 2000.
John F. Harkness, Jr., Executive Director, and John Anthony Boggs, Staff Counsel, Tallahassee, Florida, and William Mulligan, Bar Counsel, Miami, Florida, for Complainant.
Jerome H. Shevin, Miami, Florida, for Respondent.
*439 David C. Arnold, Miami, Florida, Respondent, pro se.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by David Carlton Arnold. The Florida Bar petitions for review, challenging the referee's recommended discipline. We have jurisdiction. See art. V, § 15, Fla. Const. For the reasons stated, we approve the referee's findings of fact and recommended discipline.
In March 1993, Arnold was convicted in federal court of various charges, including three counts of violating 18 U.S.C. § 1957(a) (1986), and sentenced to federal prison. Pursuant to rule 3-7.2(d) of the Rules Regulating The Florida Bar, the Bar filed a notice of determination of guilt, and Arnold was suspended by this Court pursuant to rule 3-7.2(e), effective July 19, 1993. On July 25, 1997, Arnold's convictions were reversed and the case remanded for a new trial because of prosecutorial misconduct involving a Brady[1] violation. See United States v. Arnold, 117 F.3d 1308 (11th Cir.1997). Arnold was released from prison after having served fifty-three months.
Subsequently, Arnold sent a letter notifying the Bar that his conviction had been vacated and requesting that his suspension be terminated. Arnold enclosed a copy of the opinion reversing his conviction. Arnold also stated that by separate cover he was filing "petitions for removal of both dues and CLE delinquency,"[2] having fully paid and completed the required continuing legal education credit hours. By letter dated September 16, 1997, the Miami office of the Bar notified Arnold that, pursuant to a stipulation signed in July 1993, the suspension would continue until the final disposition of the criminal case. Arnold then received another letter from the Tallahassee office of the Bar dated January 5, 1998, stating that he had been reinstated effective December 1997 as a member in good standing with the approval of the Board of Governors. Based on the letter, Arnold again started practicing law.
On March 26, 1998, Arnold entered a plea of guilty to a violation of 18 U.S.C. § 1957(a) (1986),[3] which was Count II of the original indictment filed. The other counts were dismissed. Arnold was adjudicated guilty and sentenced to time served. On April 6, 1998, Arnold notified the Bar of the March 26, 1998, conviction. On November 12, 1998, the Bar notified Arnold that his reinstatement was an administrative error and that he was still suspended, but the Bar would not hold him accountable for practicing law to November 1998 because of its error. On January 20, 1999, the Bar filed a complaint against Arnold based on the March 1998 conviction.
A referee was appointed and a hearing was held. The referee found that Arnold's violation of section 1957(a) stemmed from his representation of a client in connection with the purchase and sale of a sailboat. The referee found that in 1985 Arnold had made three $9,000 cash payments on behalf of his client to Argonaut Yacht Sales toward the purchase of a sailboat. In 1986, the client left the boat with Argonaut to be sold. After selling the boat, Argonaut sent the proceeds of the sale to Arnold *440 on November 11, 1986, two weeks after the enactment of section 1957(a). Arnold then deposited the check into his trust account, retained his attorney fees, and disbursed the balance to his client's account in the Philippines. The referee concluded that Arnold's plea of guilty to a violation of section 1957(a) was an admission that Arnold knew or deliberately avoided learning that which was readily apparent-that some of the proceeds that were used to purchase the sailboat in 1985 were derived from marijuana smuggling activities. The referee found Arnold guilty of violating rule 3-4.3 (Misconduct and Minor Misconduct) of the Rules Regulating The Florida Bar. The referee recommended that Arnold be found not guilty of violating rules 3-4.4 (Criminal Misconduct) and 4-8.4(b) (Misconduct).
In mitigation, the referee found: (1) Arnold had no prior disciplinary record; (2) there was an absence of dishonest or selfish motive; (3) no injury to clients resulted; (4) Arnold had a cooperative attitude during the proceedings; (5) credible character witnesses testified on Arnold's behalf; (6) the Bar caused unreasonable delay that prejudiced Arnold; (7) Arnold demonstrated interim rehabilitation; (8) Arnold has had other sanctions and penalties imposed in the way of incarceration and depletion of financial resources; (9) the underlying offense was remote in time; (10) the sentencing judge felt sympathetic toward Arnold; (11) there was government misconduct in the underlying case; and (12) Arnold dedicated a large part of his life to public service.
The referee recommended that Arnold be suspended for sixty days, nunc pro tunc to July 19, 1993, with automatic reinstatement. The Bar does not contest the referee's findings of fact but argues that a three-year suspension is the appropriate discipline based on Arnold's felony conviction.
As to attorney discipline, it is ultimately this Court's task to determine the appropriate sanction. See Florida Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989). Under Florida Standard for Imposing Lawyer Sanctions 5.11, disbarment is appropriate when an attorney is "convicted of a felony under applicable law." The burden is on the attorney to overcome the presumption of disbarment. See Florida Bar v. Grief, 701 So.2d 555, 557 (Fla.1997). We find that Arnold has met that burden in this case.
We expressly do not condone Arnold's activities that led to his conviction and incarceration nor do we diminish our stringent requirement that every attorney abide by the law and our strict enforcement of harsh discipline for felony convictions. We find here, however, that Arnold was in fact suspended from July 1993 to December 1997, and then again from November 1998 until the present, resulting in a total suspension in excess of five years. These periods of past suspension for this same conduct together with the extensive mitigation found to exist by the referee provide a basis for us to approve the referee's recommended discipline.
Accordingly, David Carlton Arnold is hereby suspended from the practice of law in Florida for sixty days, nunc pro tunc to July 19, 1993. Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida, 32399, for recovery of costs from David Carlton Arnold in the amount of $1,065.01, for which sum let execution issue.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
[2] Although Arnold characterized his letter as a "petition for removal" of CLE and dues delinquency, rule 1-3.7(b) of the Rules Regulating The Florida Bar characterizes such a petition as one for reinstatement.
[3] 18 U.S.C. § 1957 (1986) provides:

Engaging in monetary transactions in property derived from specified unlawful activity
(a) Whoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b).