955 So.2d 556 (2007)
THE FLORIDA BAR, Complainant,
v.
Patricia DEL PINO, Respondent.
No. SC05-734.
Supreme Court of Florida.
April 19, 2007.
*558 John F. Harkness, Jr., Executive Director and Kenneth Lawrence Marvin, Director of Lawyer Regulation, The Florida Bar, Tallahassee, FL, and Randi Klayman Lazarus, Bar Counsel, Miami, FL, for Complainant.
John A. Weiss, Tallahassee, FL, for Respondent.
PER CURIAM.
We have for review a referee's report recommending that Patricia Del Pino be found guilty of professional misconduct and disbarred. We have jurisdiction. See art. V, § 15, Fla. Const. For the reasons set forth below, we approve the referee's findings of fact and conclusions of guilt, but disapprove the recommendation of disbarment and suspend Del Pino for three years.

Factual Background
These proceedings commenced on May 12, 2005, when the Bar filed a complaint against Del Pino charging her with misconduct after she was convicted of two federal feloniestax evasion and mail fraudin the United States District Court for the Southern District of Florida. Del Pino pled guilty to both felonies and was sentenced to three years of probation, with conditions. She was suspended under the felony suspension rule on March 22, 2005, effective April 22, 2005. See Fla. Bar v. Del Pino, 900 So.2d 555 (Fla.2005) (table); R. Regulating Fla. Bar 3-4.4, 3-7.2.
The Bar's complaint mirrored the criminal charges and alleged Del Pino pled guilty to signing a false and fraudulent Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, in violation of 26 U.S.C. § 7201; the complaint also alleged Del Pino was charged with and pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341 after she used the mail to deliver false and fraudulent financial information to a mortgage lender for the purchase of a condominium. Further, the complaint alleged Del Pino's actions violated Rules Regulating the Florida Bar 4-8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) and 4-8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
Following a hearing, the referee filed a report which concludes that the facts are "essentially undisputed." Del Pino pled guilty to one count of tax evasion for preparing and signing a false and fraudulent Form 4868 Application for Automatic Extension of Time representing that she owed no taxes for 1998 when she owed substantially more, having earned over $120,000 in wages for that year. The federal court sentenced her to three years of probation, including 300 days of home detention, repayment of all taxes owed, with interest, in accordance with her ability to pay, mental health or substance abuse treatment or both as recommended by the probation department, 200 hours of community service, and a $100 assessment. The referee further found that Del Pino pled guilty to one count of mail fraud after participating in a fraudulent real estate closing involving the sale of a condominium on October 4, 2001. Del Pino signed a warranty deed, not as a grantor, but for the waiver of homestead purposes, in favor of the purported purchaser, Liana Alvarez. She knew when she signed the deed that Alvarez did not have the financial resources to buy the property, that the property *559 was to remain under the control of Del Pino and Michael Arias (her estranged husband), and that the property "would be used by the respondent and her husband as their personal residence." Del Pino was sentenced to three years of probation on the mail fraud charge, the sentence to run concurrently with her sentence on the tax evasion charge, with the same conditions.
The referee found Del Pino admitted that she failed to file timely tax returns from 1996 through 1999. She ultimately filed returns for these years in December 2001, after she found out, in September 2001, that she was being investigated by the Internal Revenue Service. She still owes penalties and interest for each of these years, but the exact amount she owes had not been determined at the time of the formal hearing.
The referee found Del Pino guilty of violating Rules Regulating the Florida Bar 3-4.3 (commission by a lawyer of any act that is unlawful or contrary to honesty and justice may constitute a cause for discipline), 3-4.4 (felony conviction is cause for automatic suspension and further disciplinary proceedings), 4-8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer is cause for discipline), and 4-8.4(c) (an attorney's engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation is cause for discipline).
In considering the appropriate discipline, the referee found three aggravating factors and six mitigating factors. The aggravating factors were: (1) dishonest or selfish motive; (2) multiple offenses; and (3) experience in the practice of law. The mitigating factors were: (1) no prior disciplinary record; (2) personal or emotional problems; (3) full and free disclosure to disciplinary board and cooperative attitude toward proceedings; (4) good character or reputation; (5) interim rehabilitation; and (6) remorse. The referee discussed Del Pino's argument concerning the existence or nonexistence of a selfish or dishonest motive, but expressly rejected her arguments that she did not have a selfish or dishonest motive for her actions. He stated: "Her actions do not support this mitigating factor, particularly for the tax fraud offense, despite any psychological or emotional problems she may have been going through." The referee recommended that Del Pino be disbarred effective, nunc pro tunc, March 22, 2005, with leave to apply for readmission after five years.[1] The referee expressly stated that he was recommending nunc pro tunc disbarment "given the mitigating factors." As support for the recommendation, the referee cited to Florida Bar v. McKeever, 766 So.2d 992 (Fla.2000); Florida Bar v. Forbes, 596 So.2d 1051 (Fla.1992); and Florida Bar v. Prior, 330 So.2d 697 (Fla.1976).
Del Pino petitioned this Court for review of the referee's findings, asserting error in the referee's conclusions that the aggravating factor of a dishonest or selfish motive applied and that the mitigating factor of lack of a dishonest or selfish motive did not apply. She also seeks review of the recommendation of disbarment, asserting primarily that the substantial evidence of mitigation makes a long-term suspension, rather than disbarment, the appropriate sanction for her misconduct. She does not challenge the findings of misconduct.

Analysis
Initially, we note that with the exceptions of the mitigating/aggravating factor *560 of dishonest or selfish motive or lack thereof, neither party challenges the referee's findings of fact or recommendations as to guilt. We therefore approve these without comment.

Discipline
We next consider the recommendation of discipline. Our scope of review is broader in reviewing a referee's recommendation of discipline than it is in reviewing the referee's findings of fact because, ultimately, it is the Court's responsibility to order the appropriate discipline. See Fla. Bar v. Smith, 866 So.2d 41, 47 (Fla. 2004); see also art. V, § 15, Fla. Const.
Del Pino argues that the extensive mitigation evidence she presented, and which the referee found, met her burden of proving that something less than disbarment is warranted in this case. After reviewing the cases and evaluating the aggravation and the mitigation evidence, we agree.
We first examine Del Pino's contention that the referee erred in finding the aggravating factor of a selfish or dishonest motive. To succeed in challenging a referee's findings of fact, an attorney must establish there is a lack of evidence in the record to support such findings or that the record clearly contradicts the referee's conclusions. Fla. Bar v. Karten, 829 So.2d 883 (Fla.2002). A referee's findings of mitigation and aggravation are also presumptively correct and are upheld unless clearly erroneous or without support in the record. Fla. Bar v. Arcia, 848 So.2d 296 (Fla.2003).
We conclude the referee's finding that Del Pino had a selfish motive for participating in the fraudulent transfer of the condominium is supported by the record evidence in this case, which includes Del Pino's guilty plea to the crime of mail fraud for her participation in the fraudulent transfer. The proffer attached to her plea agreement supports the referee's findings. Although Del Pino may have never intended to live or acquire a financial interest in the condominium, she admitted that her husband wanted the condominium so that he would not lose "the benefit of the bargain" to purchase a condominium worth approximately $1,200,000 for $600,000, pursuant to an option-to-purchase contract. The husband sought the acquisition to offset anticipated financial penalties impending in his own criminal difficulties.
However, because of the unique circumstances of this case, most particularly the compelling evidence of the emotionally and physically abusive relationship between Del Pino and her husband, we are convinced this aggravating factor is not entitled to the substantial weight it might command under other circumstances not present here. In fact, the Bar candidly conceded at oral argument that the aggravating factor of selfish motive with regard to this count was limited to the fact that someone related to Del Pino, i.e., her estranged husband, got a benefit from her actions. The Bar makes no claim that she acted for her own financial gain.
We further conclude that the referee's finding that Del Pino had a selfish motive for preparing and signing a false and fraudulent application for an extension of time to file and pay her 1998 federal income taxes is supported by the record. The referee found Del Pino delayed having to pay over $30,000 in taxes that year as a result of the fraudulent application. Del Pino testified that she wrote that she owed no taxes for that year so that she would "not have to deal with it." However, we agree with the referee that not having to deal with it was itself a selfish motive. No doubt there are millions of Americans who would prefer not to have to deal with filing and paying their federal income taxes each *561 April, but have no choice under the law. As guardians of the law, lawyers have a special obligation to honor the law themselves, including the tax laws.
This aggravating factor is also entitled to substantial weight. We have frequently disciplined attorneys for failing to live up to the duty of every citizen to pay federal income taxes. See, e.g., Fla. Bar v. Smith, 650 So.2d 980 (Fla.1995) (suspending attorney for three years for tax evasion and causing a false statement to be made to the Federal Election Commission); Fla. Bar v. Nedick, 603 So.2d 502 (Fla.1992) (disbarring attorney based on conviction for attempting to evade or defeat tax in violation of federal law).
Accordingly, with the caveats set out above, we approve the referee's findings, including his findings of aggravating and mitigating factors applicable to this case, and we next consider the appropriate discipline.
When an attorney has been convicted of a felony, disbarment is the presumptively correct discipline. Fla. Std. Imposing Law. Sancs. 5.11 The burden is upon the attorney to prove that something less than disbarment is warranted by the circumstances. Fla. Bar v. Arnold, 767 So.2d 438 (Fla.2000) (holding attorney, who had already been suspended in excess of five years and had presented extensive mitigation evidence, was entitled to discipline less than disbarment). We conclude that the facts before us are more akin to the cases Smith, 866 So.2d 41, and Florida Bar v. Tauler, 775 So.2d 944 (Fla.2000), than to the cases cited by the referee, McKeever, 766 So.2d 992, Forbes, 596 So.2d 1051, and Prior, 330 So.2d 697.
In Smith, 866 So.2d 41, we suspended an attorney for one year for failing to provide competent representation to clients in two immigration cases, for depositing client funds into her operating account instead of her trust account and using some of these funds to pay for office expenses instead of for the purposes for which the clients had given her the money, and for writing a check to a service company which was returned for insufficient funds. While her transgressions included the misuse of client funds held in trust, for which disbarment is the presumptively appropriate sanction, see Florida Bar v. Travis, 765 So.2d 689, 691 (Fla.2000), we concluded that the mitigation evidence was weighty and merited consideration.
Smith was a sole practitioner who, around the time the misconduct occurred, suffered from severe medical problems that resulted in emergency treatment on two occasions, several weeks of bed rest and intravenous fluids on several occasions, hospitalization for treatment after her unborn fetus died but failed to naturally abort, and an emergency surgical procedure after she hemorrhaged the following month. Smith admitted that she was not making the best decisions during this period. There was also evidence that Smith devoted her practice to helping the indigent and the poor and was forced to practice without support staff on occasion because of it. We concluded that these circumstances resulted in her judgment being so impaired that her culpability for her actions was diminished.
The mitigation evidence presented in the Tauler case was similar to that presented in Smith. There, the attorney also engaged in misappropriation of client funds. We expressly noted that the improper influence of Tauler's spouse likely played a big role in Tauler's misconduct, and we ultimately imposed a three-year suspension. Like Smith, Tauler presented evidence that she had provided extensive service to the indigent, and that she had diminished culpability because she suffered *562 from extreme hardships. She had an overbearing husband with a serious back injury, which caused him to lose his medical surgical practice. In fact, her husband had filed for bankruptcy and they were in the process of losing their home.
We conclude that Del Pino's mitigating evidence as determined by the referee is equally compelling as the circumstances we considered in Smith and Tauler. As noted above, the referee found six substantial mitigating factors: (1) no prior disciplinary record; (2) personal or emotional problems; (3) full and free disclosure to disciplinary board and cooperative attitude toward proceedings; (4) good character or reputation; (5) interim rehabilitation; and (6) remorse.
The record reflects without dispute that by all accounts, Del Pino was competent, professional, and organized before she began dating her husband, who became a dominant and negative influence in her life. In the months prior to her marriage she began to deteriorate emotionally and the deterioration continued after her marriage. Del Pino's work suffered, and she stopped communicating with her friends and began taking the prescription drug Xanax, on which she became dependent. Arias, her husband, called her many times a day to check up on her, making it difficult for her to complete her work in a timely manner. She stopped driving her own vehicle to work and stopped carrying a cell phone. According to one witness she was always "devastated, crying." Another witness testified that she went from a person who was very organized in every aspect of her life to someone without any control. She and her husband separated at least six times within the first few years of their marriage. Del Pino was diagnosed with anxiety disorder, dependent disorder, and other illnesses, including chronic fatigue syndrome. Although she continued to perform her attorney tasks, she let her personal matters slide. She was eventually forced to cut back to only part-time work for her firm and, then, to quit altogether. She testified that she did not state that her tax liability was $0 so that she would have extra money in her pockets, but only so she would not have to go through what to her had become a major emotional burden because of her anxiety and depression.
In contrast to these mitigating circumstances, we conclude the cases cited by the referee are inapposite and distinguishable on their facts. First, Prior is a Bar discipline case at the felony suspension stage. It does not apply to the circumstances extant here. Forbes, the case cited by the referee which is closest to the present case, is distinguishable. While the misconduct was similar (the respondent was indicted for filing false information on a loan application for a condominium he was developing and pled guilty to one count of a multi-count indictment), the mitigation evidence (cooperation with the federal authorities, remorse, no prior disciplinary record, and full cooperation with the disciplinary board) was less compelling than Del Pino's and, ultimately, insufficient to overcome the presumption of disbarment. Importantly, in McKeever, the respondent's misconduct was much more egregious than that of Del Pino. McKeever pled guilty to five counts of aggravated child abuse after he "disciplined" three boys by binding, blindfolding, and beating them on their naked bodies with a strap. The abuse took place over a five-month period. The eight mitigating factors (no prior disciplinary record, no dishonest or selfish motive, personal or emotional problems including marital problems and alcohol abuse, good character and reputation, mental or physical disability or impairment, interim rehabilitation, imposition of other penalties or sanctions, and remorse) were insufficient to overcome the presumption of disbarment *563 because of the egregiousness of the misconduct.
We are also mindful of those cases in which a respondent's drug addiction caused or contributed to the felonious conduct and resulted in suspension instead of disbarment. See Fla. Bar v. Hochman, 815 So.2d 624 (Fla.2002) (suspending attorney for three years, effective, nunc pro tunc, on the date of his felony suspension after he pled no contest to felony grand theft where mitigating evidence included drug and alcohol addiction); Fla. Bar v. Marcus, 616 So.2d 975 (Fla.1993) (suspending attorney for three years after conviction of felony for misappropriating client funds where attorney's cocaine addiction was directly and causally linked to misconduct); Fla. Bar v. Corbin, 540 So.2d 105 (Fla.1989) (suspending attorney for three years; while acting as a circuit judge, the attorney was convicted of attempted sexual activity with a child twelve years of age or older, but less than eighteen years of age, with whom he stood in a position of familial or custodial authority; substantial mitigation included voluntarily entering and completing a residential alcohol treatment program); Fla. Bar v. Jahn, 509 So.2d 285 (Fla.1987) (suspending attorney for three years after he was found guilty of delivery of cocaine to a minor and possession of cocaine where the attorney's drug addiction was one of several mitigating factors); Fla. Bar v. Rosen, 495 So.2d 180 (Fla.1986) (suspending an attorney for three years after he was convicted of knowingly and intentionally possessing cocaine with the intent to distribute); see also Fla. Bar v. Clark, 582 So.2d 620 (Fla. 1991) (suspending attorney for three years after felony conviction on federal drug charges where substantial mitigating factors included the fact that the attorney was operating a law partnership with his father, who suffered from a drinking problem, and was attempting to carry his fathers caseload as well as his own).

CONCLUSION
In conclusion, we hold the substantial mitigation evidence presented by Del Pino and found by the referee, coupled with the Bar's concession as to our evaluation of the aggravation, is sufficient to overcome the presumption of disbarment in this case. Without minimizing the seriousness of Del Pino's misconduct, we take into account the facts that she did not misuse or misappropriate client funds and she became dependent on prescription drugs as a result of illnesses, depression, and attempts to escape an abysmal personal life (as opposed to recreational drug use). Weighing all of these factors, along with a consideration of our case law, we conclude a three-year suspension is appropriate.
Accordingly, Patricia Del Pino is hereby suspended from the practice of law for three years effective, nunc pro tunc, April 22, 2005, the date of her felony suspension. Del Pino shall continue to accept no new business until she is reinstated by order of this Court to membership in good standing of The Florida Bar.
Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida XXXXX-XXXX, for recovery of costs from Patricia Del Pino in the amount of $3,504.60, for which sum let execution issue.
It is so ordered.
ANSTEAD, PARIENTE, CANTERO, and BELL, JJ., concur.
WELLS, J., concurs in part and dissents in part with an opinion, in which LEWIS, C.J., and QUINCE, J., concur.
WELLS, J., concurring in part and dissenting in part.
I concur in the majority's approval of the referee's findings of fact and recommendations as to guilt.
*564 I dissent from the majority's not approving the referee's report as to disbarment.
Respondent was convicted of federal felonies of tax evasion and mail fraud, based upon knowing pleas of guilty. Respondent admitted to not filing tax returns for the years 1996 through 1999. The referee found that respondent acted with a selfish motive. As the majority acknowledges, the presumptive discipline for the offenses in this case is disbarment. Fla. Std. Imposing Law. Sancs. 5.11.
The referee heard and considered the mitigation presented by respondent. Based upon the in-the-courtroom evaluation of the evidence concerning mitigation, the referee concluded that respondent did not present mitigation which overcame the presumption of disbarment.
In rejecting the referee's report, the majority relies upon Florida Bar v. Smith, 866 So.2d 41 (Fla.2004), and Florida Bar v. Tauler, 775 So.2d 944 (Fla.2000). In neither of these cases did the referee recommend disbarment. In Smith, the referee recommended a two-year suspension, which this Court reduced to one. In Tauler, the referee recommended three years' suspension, and this Court approved.
In the present case, I find no basis for the Court to disapprove the referee's recommendation of the presumptive discipline of disbarment. Moreover, the public needs to have confidence that lawyers who commit felonies will receive the ultimate sanction of disbarment.
LEWIS, C.J., and QUINCE, J., concur.
NOTES
[1] This is in error. The effective date of Del Pino's felony suspension was April 22, 2005, thirty days after the Court's order.